JACOB N. LEBROKE and another,

*vs.*

EMMA DAMON, and another.

Piscataquis.   Opinion April 8, 1896.

*Probate. Decrees. License. Deed. Forcible Entry and Detainer. R. S. c. 71.*

The decrees of the Probate Court, upon matters within its jurisdiction, when not appealed from, are conclusive upon all persons. Such decrees are in the nature of judgments and cannot be impeached collaterally.

The power to grant an administrator license to sell the real estate of his intestate, for the purpose of paying debts, expenses of sale and of administration, is conferred upon the Probate Court by statute. Such a license, when the proceedings are regular and in accordance with the statute, is therefore conclusive and cannot be collaterally attacked.

When an administrator petitions for such license, it is incumbent upon him to show that a sale of the real estate, or at least some portion of it, is necessary for the purpose of paying legally enforceable debts; but a judgment against the goods and estate of an intestate in the hands of the administrator, is not barred by the statute of limitations because it was recovered more than two years prior to the time of filing the petition for license to sell real estate.

In an action of forcible entry and detainer the title to the premises was in dispute. The plaintiffs claimed under the sale and deed of an administrator, whose intestate owned the premises at the time of his death. The defendant

was one of the heirs of the intestate. The administrator's sale was under a license from the Probate Court, in obtaining which and in making the sale under it, all the requirements of law were observed. The deed was in proper form. *Held;* that the plaintiffs obtained a good title under the administrator's sale and deed, and were entitled to judgment for possession.

ON REPORT.

The case appears in the opinion.

*J. B. Peaks,* for plaintiffs.

*P. H. Gillin,* for defendants.

Counsel cited: *Woodward* v. *Perry,* 85 Maine, 440; *Chamberlin* v. *Chamberlin,* 4 Allen, 184; *Hanscom* v. *Marston,* 82 Maine, 288; Schoul. Exec. & Admrs. pp. 509, 511. *Allen, Pet'r,* 15 Mass. 58.

SITTING: PETERS, C. J., FOSTER, HASKELL, WHITEHOUSE, WISWELL, STROUT, JJ.

WISWELL, J. Action of forcible entry and detainer against the defendants as disseizors. From a judgment of the lower court in favor of the plaintiffs, the defendants appealed. The case comes to the law court upon report.

The defendant, Emma Damon, is one of the heirs of Eben Damon, who, it is admitted, had title to the premises at the time of his death. The plaintiffs claim title under a deed of the premises from the administrator of Eben Damon, and the only question presented is whether the administrator's deed to the plaintiffs conveyed the property therein described.

It is a familiar rule of law that upon the death of a person intestate, his real estate descends to his heirs, and can only be taken from them by the adjudication of a court of competent jurisdiction, upon proceedings prescribed by statute, that a sale of some portion, at least, of such real estate is necessary for the purpose of paying debts, expenses of sale and of administration.

No question is raised as to the appointment of the administrator, which was made by the judge of Probate of Piscataquis county at the May term, 1885, nor as to his acceptance of the trust and due

qualification therefor. At the June term, 1886, the administrator's first account was settled, showing a balance in his hands due the estate at that time of $345.45. No other account has ever been rendered by him. · Some time prior to the first Tuesday of August, 1888, the case does not show when, but it is said in argument to have been at the June Term, 1886, commissioners were appointed by the Probate Court, under the statute, to pass upon a claim of $1831.88, against the estate presented by Emma Damon. On the first Tuesday of August, 1888, the commissioners made their report to the Probate Court, in which they allowed the claimant the sum of three hundred dollars. From this allowance she appealed and entered her appeal at the September term, 1888, of this court for Piscataquis County. The appeal was continued from term to term until the September term, 1890, when judgment was rendered in her favor for the sum of $563.97, including costs.

At the September term, 1892, of the Probate Court, the administrator presented his petition for license to sell the real estate of the intestate, in which he alleged that the personal property was not sufficient to pay the debts and expenses of administration by about the sum of $799, that it was necessary to sell some portion of the real estate for this purpose, and that by a sale of any portion of the real estate, the residue would be greatly depreciated in value. Upon this petition public notice was ordered, as required by law, returnable at the October term following, and at that term, notice having been given in accordance with the order of court, the court adjudged that the allegations in the petition were true and decreed that the administrator have license as prayed for, upon his giving bond with sufficient sureties in the sum of two thousand dollars. At the same term a bond in the form required by statute and in the sum ordered was given and approved, and thereupon the license issued.

On October 10th, the administrator was sworn as was then required by statute, and on the 25th of September, 1893, after giving notice of the sale in the manner provided by statute and as ordered by the license, the property was sold by the administrator at public auction to the plaintiffs, they being the highest bidders

therefor. On the same day a deed in proper form was made, executed and delivered by the administrator to the plaintiff.

All of these proceedings were in compliance with the statutes, and in obtaining the license and in making the sale under it, the administrator observed all the requirements of law.

The granting of this license was a matter within the jurisdiction of the Probate Court, the proceedings were all regular, its decree therefore is conclusive and the validity of the license cannot be attacked. It has been settled by numerous decisions of this court that the decrees of the Probate Court, upon matters within its jurisdiction, when not appealed from are conclusive upon all persons. Such decrees are in the nature of judgments and cannot be impeached collaterally. *McLean* v. *Weeks*, 65 Maine, 411 ; *Harlow* v. *Harlow*, 65 Maine, 448 ; *Decker* v. *Decker*, 74 Maine, 465.

It is urged that this license should be treated as void because of the long lapse of time between the date of the administrator's appointment and that of the granting of the license; and that a license to sell real estate should not be granted to an administrator for the purpose of paying debts that are barred by the statute of limitations. It is certainly true that an administrator should not be licensed to sell real estate for the purpose of paying debts that are not legally enforceable. Whenever an administrator petitions for such a license, it is incumbent upon him to show that a sale of the real estate, or at least of some portion of it, is necessary for the purpose of paying legally enforceable debts; until this is done the heir can successfully resist the granting of such a license.

But in this case when the petition for license to sell was filed, there was a judgment of this court in favor of one of these defendants for $563.97 against the estate. This judgment was not barred by the statute, because it was recovered some two years prior to the filing of the petition for license to sell. The claim upon which the judgment was founded was presented to the administrator, it is said and must be presumed, within the time allowed therefor.

It is said in argument that this judgment has never been

enforced, but it is an existing and valid liability of the estate and should be paid out of the funds in the administrator's hands.

Our conclusion is that the administrator's deed, under which the plaintiffs claim title, conveyed to them the premises in dispute. The entry will therefore be,

*Judgment of the lower court affirmed.*